UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBERT CURINGTON, and ASHLEY BROOKS<br><br>Plaintiffs,<br><br><br><br>UMG RECORDINGS, INC.; JOE WHEELER; TEMPORAL SONGS, LTD.; LAURENCE MIZZEL; ALRUBY MUSIC, INC.; ALMO MUSIC CORP.; AMARU ENTERTAINMENT COMPANY,<br><br>Defendants. | Case No. 10-CV-890<br><br><br><br><br>Action Filed:  November 30, 2010<br>Trial Date:  None Set |

**DEFENDANTS UMG RECORDINGS, INC. AND RONDOR MUSIC INTERNATIONAL, INC. D/B/A ALMO MUSIC CORP.'S BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE PORTIONS OF THE SECOND AMENDED COMPLAINT**

Defendants UMG Recordings, Inc. ("UMG") and Rondor Music International, Inc. d/b/a Almo Music Corp. ("Almo") (collectively referred to herein as the "UMG Defendants"), through counsel and pursuant to Local Rule 7.2, submit this brief in support of their motion to strike portions of the second Amended Complaint filed by Plaintiffs Robert Curington ("Curington") and Ashley Brooks Music ("Ashley Brooks") (collectively referred to herein as "Plaintiffs") pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

**I.    NATURE OF MATTER BEFORE COURT**

The second Amended Complaint ("SAC") filed by Plaintiffs alleges a single copyright infringement claim against the UMG Defendants. Plaintiffs allege that a song that appears on the 2002 posthumous album "Better Dayz" by the artist Tupac Shakur contains a sample of the song "Last Night Changed It All (I Really Had a Ball)" ("Last Night"). SAC, ¶ 16. Plaintiffs claim

1

that they own the copyrights in both the "Last Night" sound recording and musical composition. *Id.*, ¶¶ 12, 17-19. Plaintiffs allege that the UMG Defendants, who distributed "Better Dayz," failed to obtain a license from them for the "Last Night" sample, and thus infringed their copyrights. *Id.*, ¶¶ 17-19, 24, 26. Plaintiffs seek various forms of relief, including statutory damages and attorney's fees pursuant to sections 504 and 505 of the Copyright Act. *See id.*, ¶¶ 31, 33, Prayer for Relief Nos. 2 & 4.

Copyright plaintiffs are not entitled to either statutory damages or attorney's fees unless the infringed work was timely registered. *See* 17 U.S.C. § 412(2) (providing that statutory damages and attorney's fees are not available unless the work is registered prior to the infringement or within three months after the first publication of the work). Plaintiffs fail to allege registration of the "Last Night" sound recording *at all*, and the registration for the "Last Night" musical composition establishes that Plaintiffs failed to register the composition timely. Plaintiffs' failure to register timely bars their claim for both statutory damages and attorney's fees, and their request for such fees should therefore be stricken.[1]

## II.   STATEMENT OF FACTS

Plaintiffs allege that they own the copyrights in the sound recording and musical composition "Last Night Changed It All (I Really Had a Ball)" ("Last Night"), which was recorded by singer Ester Williams and released in 1976. SAC, ¶¶ 13, 17-19. In or around November 2002, UMG released an album by the artist Tupac Shakur entitled "Better Dayz," which contained the song "Late Night" (the "Tupac Song"), which Defendants allege includes an unauthorized sample of "Last Night." *Id.*, ¶ 16; *see also* Amended Complaint, ¶ 18. Plaintiffs

---

[1] Concurrent with this Motion to Strike, the UMG Defendants have also filed a Motion to Dismiss Plaintiffs' SAC.

claim that the UMG Defendants infringed their copyrights in the "Last Night" sound recording and musical composition by distributing the Tupac Song without obtaining Plaintiffs' permission and without compensating them. *Id.*, ¶¶ 17-19, 24, 26.

Although Plaintiffs purport to state claims for infringement of both the "Last Night" musical composition and sound recording, they rely solely on a copyright registration for the "Last Night" musical composition, which has an effective date of December 16, 2003—twenty-seven years after "Last Night" was first published in 1976 and more than a year after the Tupac Song was released. *See* SAC, Exh. A.

## III. QUESTION PRESENTED

Whether Plaintiffs' requests for statutory damages and attorney's fees should be stricken from the SAC.

## IV. THIS COURT SHOULD STRIKE PLAINTIFFS' REQUESTS FOR STATUTORY DAMAGES AND ATTORNEY'S FEES

Federal Rule of Civil Procedure 12(f) authorizes the Court to strike "redundant, immaterial, impertinent, or scandalous matter[s]." The purpose of the motion to strike "is to avoid the waste of time and money that arises from litigating unnecessary issues." *Simaan, Inc. v. BP Products North America, Inc.*, 395 F.Supp.2d 271, 278 (M.D.N.C. 2005).

To recover statutory damages and attorney's fees on a copyright infringement claim, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration occurred within three months after the first publication of the work:

> [N]o award of statutory damages or of attorney's fees . . . shall be made for any
> infringement of copyright commenced after first publication of the work and

before the effective date of its registration, unless such registration is made within
three months after the first publication of the work.

17 U.S.C. § 412(2); *see also X-It Products, LLC v. Walter Kidde Portable Equipment, Inc.*, 227 F.Supp.2d 494, 528 (E.D. Va. 2002) (holding that an award of statutory damages and attorney's fees under the Copyright Act were improper because the plaintiff's registration was untimely).

Plaintiffs seek statutory damages and attorney's fees based on the UMG Defendants' alleged infringement of Plaintiffs' copyrights in the "Last Night" sound recording and musical composition. *See* SAC, ¶¶ 31, 33, Prayer for Relief Nos. 2 & 4. As set forth in detail in the UMG Defendants' Motion to Dismiss, however, Plaintiffs fail to allege registration of the "Last Night" sound recording *at all* and fail to attach any evidence of such registration to the SAC. *See* Mot. at pp. 7-8.[2] Plaintiffs' failure to plead a valid sound recording registration not only dooms their infringement claim based on the "Last Night" sound recording, *see Iconbazaar, L.L.C. v. America Online, Inc.*, 308 F.Supp.2d 630, 632 (M.D.N.C. 2004) (providing that registration is a prerequisite to an infringement claim), but also means Plaintiffs cannot demonstrate that this non-existent registration was timely, which precludes any award of statutory damages and attorney's fees. *See* 17 U.S.C. § 412(2).

Nor can Plaintiffs recover statutory damages or attorney's fees with regard to their claim of infringement of the "Last Night" musical composition. The registration certificate submitted by Plaintiffs for the "Last Night" musical composition is dated December 16, 2003—twenty-seven years after "Last Night" was first published in 1976 and more than a year after the alleged

---

[2] The copyright registration submitted by Plaintiffs is only for the "Last Night" musical composition and does not evidence Plaintiffs' purported ownership of the sound recording copyright. *See* 6 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 30.03 (2010)
(footnote continued)

infringing Tupac Song was released in November 2002, *see* SAC, ¶¶ 13, 17-18 & Exh. A—long after the deadlines set forth in the Copyright Act had expired. *See* 17 U.S.C. § 412(2) (barring claims for statutory damages and attorney's fees unless the work in question was registered prior to the infringement or within three months after the work was first published). Moreover, because Ashley Brooks is not listed on the copyright registration as an owner, *see* RJN, Exhs. C & D, it does not have *any* registration on which it could base a claim for statutory damages or attorney's fees. Because Plaintiffs failed to register the "Last Night" musical composition timely, they are precluded from seeking statutory damages or attorney's fees and their request for both types of relief should therefore be stricken.

**V.     CONCLUSION**

For the foregoing reasons, the UMG Defendants respectfully request that the Court strike Plaintiffs' request for statutory damages and attorney's fees in their First Cause of Action, *see id.*, ¶¶ 31, 33, and their prayer for statutory damages and attorney's fees under the Copyright Act.

///

///

///

---

(providing that copyright ownership of the sound recording "is distinct from the ownership of the copyright in the musical composition itself"); Request for Judicial Notice, Exhs. A, B & C.

5

*See id.*, Prayer for Relief Nos. 2 & 4.

Dated this 9th day of May, 2011.

By: /s/    LINDA M. BURROW
LINDA M. BURROW (*pro hac vice*)
CALDWELL LESLIE & PROCTOR, PC
1000 Wilshire Boulevard, Suite 600
Los Angeles, California  90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022


 /s/ MICHAEL J. ALLEN
MICHAEL J. ALLEN, State Bar No. 18030
CARRUTHERS & ROTH, P.A.
P.O. Box 540
Greensboro, North Carolina  27402
Telephone: (336) 379-8651
Facsimile: (336) 478-1170


Attorneys for Defendants
UMG Recordings, Inc. and Rondor Music
International, Inc. d/b/a/ Almo Music Corp.

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the Plaintiff in the manner designed below:

*Via ECF*:

FLORENCE A. BOWENS
P.O. Box 51263
Durham, North Carolina 27717


Dated this 9th day of May, 2011


By: /s/ LINDA M. BURROW
LINDA M. BURROW (*pro hac vice*)
CALDWELL LESLIE & PROCTOR, PC
1000 Wilshire Boulevard, Suite 600
Los Angeles, California 90017-2463
Telephone: (213) 629-9040;
Facsimile: (213) 629-9022

MICHAEL J. ALLEN, State Bar No. 18030
CARRUTHERS & ROTH, P.A.
P.O. Box 540
Greensboro, North Carolina 27402
Telephone: (336) 379-8651
Facsimile: (336) 478-1170

Attorneys for Defendants
UMG Recordings, Inc. and Rondor Music
International, Inc. d/b/a/ Almo Music Corp.

7

Case 1:10-cv-00890-CCE-JEP   Document 45   Filed 05/09/11   Page 7 of 7