IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBERT CURINGTON and ASHLEY BROOKS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 1:10-cv-890 ) |
| UMG RECORDINGS, INC.; JOE WHEELER; TEMPORAL SONGS, LTD.; LAURENCE MIZZEL; ALRUBY MUSIC, INC.; ALMO MUSIC CORP.; AMARU ENTERTAINMENT COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER and OPINION**

CATHERINE C. EAGLES, District Judge

In the Second Amended Complaint, Plaintiffs Robert Curington and Ashley Brooks Music allege that Defendants UMG Recordings, Inc. and Almo Music Corp. have infringed their copyright in a particular sound recording of the song "Last Night Changed It All (I Really Had a Ball)." [1] UMG and Almo filed a Motion to Dismiss the Second Amended Complaint for Failure to State a Claim (Doc. 42), a Motion to Strike Portions of the Second Amended Complaint (Doc. 44), and a Request for Judicial Notice in Support of Their Motion to Dismiss and Motion to Strike (Doc. 46). The Court grants the Motion to Dismiss because Plaintiffs have not adequately alleged facts to support their claim of registration and ownership of a copyright in the sound recording.

---

[1] The Court exercises subject-matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1331 and 1338. *See Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1247 (2010) (concluding that the Copyright Act's pre-suit registration requirement is not jurisdictional).

Based on the granting of the Motion to Dismiss, the Court denies the Motion to Strike and the Request for Judicial Notice.

In the Second Amended Complaint, Plaintiffs allege the following concerning their ownership of a registered copyright:

> Plaintiffs are . . . the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, known as "Last Night Changed it All[,]" which was recorded by Ester [sic] Williams and labeled on "Friends and Company" in 1976. Such recording was covered under copyright registrations registered with the United States Copyright Office, as reflected by the Copyright registration information attached as Exhibit A.

(Doc. 41 at 4 ¶ 13 (Second Am. Compl.) (emphasis omitted).) In paragraph 14 of the Second Amended Complaint, Plaintiffs allege without detail that they "have secured the exclusive rights and privileges to the copyright at issue in this case." (*Id.* ¶ 14.) Plaintiffs make no other allegations about the source of their ownership or about the registration of their claimed copyright. Plaintiffs' allegations about infringement are likewise directed exclusively towards the "sound recording." (*E.g.*, Doc. 41 at 4 ¶ 13, 5 ¶¶ 17–18.)

Exhibit A to the Second Amended Complaint—upon which Plaintiffs expressly rely to show they have a registered copyright in the sound recording at issue—is a copyright registration filed by Mr. Curington and Joe Wheeler as authors of the music and lyrics to "Last Night Changed It All." (Doc. 41-1 at 2 (Second Am. Compl., Ex. A).) In other words, Exhibit A is a copyright registration to the "musical composition" instead of to a "sound recording."

Defendants move to dismiss the copyright-infringement claim with prejudice because Plaintiffs allegedly have not registered a copyright in the sound recording entitled "Last Night Changed It All." (Doc. 42 at 2; Doc. 43 at 7–8.) The Court will apply the well-known standard

2

required to evaluate complaints challenged under Rule 12(b)(6).  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

Registration of a copyright is "a precondition to filing a claim," *Reed Elsevier, Inc.*, 130 S. Ct. at 1247, which a plaintiff "must ordinarily satisfy before filing an infringement claim." *Id.* at 1242; *accord* 17 U.S.C. § 411(a) (providing that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made").  If the copyright is not registered, the action is subject to dismissal upon the defendant's Rule 12(b)(6) motion.  *E.g.*, *Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*, No. 09-20868, 2011 U.S. App. LEXIS 7882, at *10–11 (5th Cir. Apr. 15, 2011); *TreadmillDoctor.com, Inc. v. Johnson*, No. 08-2877, 2011 U.S. Dist. LEXIS 34652, at *12–13 (W.D. Tenn. Mar. 31, 2011); *see also* 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16[B][2][c] (2010).  Beyond registration, and at the most basic level, a party seeking to recover for copyright infringement must allege and prove two elements:  "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Copyright protection is available for songs in two distinct contexts:  "musical works" and "sound recordings."  17 U.S.C. § 102(a)(2), (7).  The "musical work," or "musical composition," consists of "the notes and lyrics of the song as they appear on sheet music." *Recording Indus. Ass'n of Am., Inc. v. Librarian of Cong.*, 608 F.3d 861, 863 (D.C. Cir. 2010).  The "sound recording," also called the "master recording," consists of "the recorded musical work performed by a specific artist."  *Id.*; *accord* 17 U.S.C. § 101 (defining "sound recordings" as "works that

3

result from the fixation of a series of musical, spoken, or other sounds, . . . regardless of the nature of the material objects, such as disks, tapes, or other phonorecords, in which they are embodied"). A "sound recording" and a "musical composition" of the same song are not the same thing for copyright purposes; a copyright in one is not a copyright in the other. *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 272 n.1 (6th Cir. 2009) ("Sound recordings and their underlying musical compositions are separate works with their own distinct copyrights."); *Ulloa v. Universal Music & Video Distrib. Corp.,* 303 F. Supp. 2d 409, 412 (S.D.N.Y. 2004); *see Brown v. Flowers*, 196 F. App'x 178, 185 (4th Cir. 2006) (Gregory, J. dissenting); 6 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 30.03 ("Copyright ownership of the physical embodiment of the performance of a musical composition . . . is distinct from the ownership of the copyright in the musical composition itself . . . .").

Exhibit A to the Second Amended Complaint shows only that Plaintiff Curington registered a copyright in the musical composition. There is no registration attached to the Second Amended Complaint for the sound recording, which is what plaintiffs allege has been infringed.[2] Plaintiffs have not adequately alleged facts to support their claim of registration and ownership of a copyright in a particular sound recording of the song "Last Night Changed It All." *See Staggs v. West*, No. PJM 08-0728, 2010 U.S. Dist. LEXIS 63174, at *8–9 (D. Md. June 25, 2010); *Vargas v. Pfizer, Inc.*, 418 F. Supp. 2d 369, 373 (S.D.N.Y. 2005); *cf. Harris v. Lexjet Corp.*, No.

---

[2] Although the Second Amended Complaint contains a few allegations concerning something Plaintiffs call a "copyright of publishing" (Doc. 41 at 4 ¶ 15, 5–6 ¶¶ 18–19), Plaintiffs do not explain what this term means, and the allegations consistently refer to selling or sampling the "sound recording." If, by these allegations, Plaintiffs are attempting to state a claim for infringement of a copyright in the musical composition, their allegations do not even reach the level of "labels or conclusions" and are not specific enough to state a claim. *See Twombly,* 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949.

4

3:09-CV-616, 2009 U.S. Dist. LEXIS 113284, at *9 (E.D. Va. Dec. 3, 2009) (dismissing a copyright-infringement claim because the plaintiff failed to provide adequate documentation of copyright registration).

Plaintiffs cannot circumvent this defect in the Second Amended Complaint by making conclusory allegations that they own and have registered the copyright in the sound recording. (*E.g.*, Doc. 41 at 4 ¶ 13.)  Such allegations are contradicted by Exhibit A, and the plaintiffs have not alleged any specific facts that show they have registered or own a copyright to the sound recording.  "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached pursuant to Rule 10(c), Fed. R. Civ. P., the exhibit prevails."  *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *accord TreadmillDoctor.com, Inc.*, 2011 U.S. Dist. LEXIS 34652, at *2–3, 14–15 (holding that the complaint failed to state a claim where the plaintiff alleged that it had received a copyright registration but the attached certificate of registration did not list it as the author and there were no allegations of transfer of the copyright).

In addition, Plaintiffs cannot circumvent this defect by attaching additional documents to their briefs.  Unlike Exhibit A to the Second Amended Complaint, which the Court can consider when ruling on the Rule 12(b)(6) motion, *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007), it is not appropriate for the Court to consider the documents Plaintiffs attached to their "Response to Defendants [sic] Motion to Dismiss the Second Amended Complaint" (Doc. 48) or to their "Response and Opposition to Defendants's [sic] Request for Judicial Notice in Support of Their Motion to

5

Dismiss and Motion to Strike" (Doc. 52).  None of the attached documents satisfy an exception to the general rule that courts should not consider matters outside of the pleadings when ruling on a Rule 12(b)(6) motion.  *See* Fed. R. Civ. P. 12(d); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

Even if it were appropriate to consider the documents, Plaintiffs do not in their responsive briefs clearly lay out the way these documents support their copyright-infringement claim.[3]  Nor is that support apparent from the face of the documents.  For example, Plaintiffs attach a copyright registration listing Esther Williams as the registrant for a sound recording of "Let Me Show You," without explaining or even addressing how this is relevant to the alleged copyright for the sound recording of "Last Night Changed It All."  (Doc. 48-1 at 2.)  Other documents appear to refer to the copyright in the musical composition, not the sound recording, for "Last Night Changed It All."  (*E.g.*, Doc. 52-1 at 2; Doc. 52-6 at 2.)

Plaintiffs make a bare allegation of ownership of a registered copyright accompanied by a certificate of registration that does not cover the allegedly infringed copyright.  This does no more than ask the Court to infer the possibility of misconduct by Defendants.  *See Francis*, 588 F.3d at 193.  In these circumstances, the factual allegation concerning ownership of a registered copyright in the sound recordings does not rise above the speculative level.  *See Twombly*, 550 U.S. at 555.  Plaintiffs have failed to state a claim to relief that is plausible on its face, and the complaint must be dismissed.

---

[3]  Indeed, Plaintiffs' Response and Opposition is almost incomprehensible.

Plaintiffs have known for months about the problem with their allegations of registration and ownership of the copyright to the sound recording of "Last Night Changed It All," as Defendants made the same arguments over six months ago in a Motion to Dismiss the Amended Complaint. (Doc. 9 at 2; Doc. 10 at 15–17.) Plaintiffs were allowed to file a second amended complaint to address this and other problems. (Doc. 40 at 1.) If there were facts to support their claim of ownership of a copyright in the sound recording, those facts should have been included in the Second Amended Complaint. They were not. Plaintiffs have not asked for yet another chance to file yet another amended complaint, and there is no reason to believe they could fix these longstanding problems if they were given such a chance. *See New Beckley Mining Corp. v. Int'l Union, UMWA*, 18 F.3d 1161, 1164 (4th Cir. 1994) ("A court may refuse to allow leave to amend pleadings when the proposed changes would be futile.").

Based upon the grant of the Motion to Dismiss, the Court denies the Motion to Strike and the Request for Judicial Notice. The Motion to Strike Plaintiffs' requests for statutory damages and attorney's fees as barred by the Copyright Act, 17 U.S.C. § 412(2), is moot. (Doc. 44 at 1–2; Doc. 45 at 3–5.) The Court need not take judicial notice of the proffered documents to decide the Motion to Dismiss.

IT IS THEREFORE **ORDERED** that the Motion to Dismiss the Second Amended Complaint (Doc. 42) is **GRANTED**, the Motion to Strike (Doc. 44) is **DENIED** as moot, and the Request for Judicial Notice is **DENIED** as moot.

This the 12th day of August , 2011.

_____
United States District Judge